IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 06 C 6533 |
| v. | ) | |
| | ) | Judge Kendall |
| | ) | |
| CHICAGO POLICE OFFICER SIDNEY DORSEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Sidney Dorsey, Richard Pina Ralph Egan and City of Chicago, through their attorneys, Arlene E. Martin, Thomas J. Platt, and Bhairav Radia, move this Court under FRCP Rule 50 for judgment as a matter of law on plaintiff's Section 1983 and state law false arrest claims, state law malicious prosecution claim, and Section 1983 failure to intervene claim. In support of their motion, defendants state as follows:

**I.    There was Probable Cause to Arrest Plaintiff for an Offense as a Matter of Law. Defendants Also Enjoy Qualified Immunity and are Entitled to Judgment as a Matter of Law as to Plaintiff's Section 1983 and State Law false Arrest Claims**.

This Court should grant judgment as a matter of law for defendants on plaintiff's Section 1983 and state law false arrest claims because there is no reasonable dispute as a matter of law that defendants had probable cause to arrest him for an offense. Probable cause is an "absolute bar" to false arrest claims. *See, e.g., Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998); *Taylor v. Bush*, 2006 WL 8622855, at *3 (N.D. Ill. March 30, 2006) (probable cause precludes common

1

law false arrest action). Probable cause exists if a reasonable person in the arresting officer's position, viewing the totality of circumstances in a common sense manner, believes that the accused has committed or will commit a crime, even if the belief is wrong. *United States v. Muhammad*, 120 F.3d 688, 696 (7th Cir. 1997). Importantly, it is not necessary that defendant Dorsey had probable cause to arrest plaintiff for battery against defendant Dorsey, as long as defendant Dorsey had probable cause to arrest plaintiff for some criminal offense. *See, e.g., Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) (probable cause for any criminal offense bars a false arrest claim).

In this case, plaintiff has produced evidence of two separate bases that could have led a reasonable person to believe that plaintiff had committed the offense of disorderly conduct inside Shennanigan's and battery to Joseph Burda. Joseph Burda stated he saw a heated dispute between plaintiff and Shennanigan's employees. Upon further inquiry, Joseph Burda stated that he asked plaintiff to leave after plaintiff had called a waitress an obscene name. Burda also stated that when he asked plaintiff to leave, plaintiff ignored him and pushed him away. Burda then advised Officer Dorsey that plaintiff had refused to leave. Plaintiff has presented no evidence to show that plaintiff had any lawful right to remain in the bar after being told to leave by management and claims he was in the process of leaving the bar. Plaintiff also admitted he had used profanity in the bar and that he raised his voice while arguing with bar employees regarding the decline of his credit card for a bar bill. Based on the information he received from Burda, defendant Dorsey had probable cause to arrest plaintiff for disorderly conduct. 720 ILCS 5/26-1 ("A person commits disorderly conduct when he knowingly does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace"). *See*, *Humphrey v. Staszak*, 148

F.3d 719, 726 (7th Cir.1998)(Officer entitled to qualified immunity for false arrest claim based on plaintiff's arguing with a police officer).

Additionally, subsequent to the struggle inside Shennanigan's Joseph Burda and Officer Dorsey testified that Burda had been the victim of a battery or an assualt (plaintiff intentionally threw a fist at Burda and missed) and stated that he signed a complaint alleging battery against plaintiff. Once a reasonably credible witness informs an officer that a suspect has committed a crime, the police have probable cause to arrest the suspect. *Kelley*, 149 F.3d at 647; *Gramenos v. Jewel Cos, Inc.*, 797 F.2d 432, 437 (7th Cir. 1986). Plaintiff has presented no evidence that Defendants had reason to believe that Burda was not a credible witness to a crime. Further, police officers have no duty to investigate extenuating circumstances or search for exculpatory evidence once probable cause has been established through the accusation of a credible witness. *Anderer v. Jones*, 385 F.3d 1043, 1049 (7th Cir. 2004). Defendants therefore had probable cause to arrest plaintiff as a matter of law. Alternatively, defendants are entitled to qualified immunity so long as they subjectively believed they had reason to believe plaintiff had committed a crime. *Humphrey v. Staszak*, 148 F.3d 719, 726 (7th Cir.1998).

Accordingly, no reasonable jury could find, based on evidence produced by plaintiff, that plaintiff was arrested without probable cause. Judgment as a matter of law should be entered for the federal and state false arrest claims.

**II.    Plaintiff has Failed to Prove the Elements of the State Malicious Prosecution Claim**.

Plaintiff has failed to produce legally sufficient evidence to prove three of the elements of his malicious prosecution claim.  First, plaintiff has failed to show that the criminal proceeding terminated in his favor in a manner indicative of his innocence.  In this case, all criminal charges

against plaintiff were stricken off with leave to reinstate ("SOL"). *See* Certified Statement of Disposition of Criminal Charges Against Plaintiff, Pl.'s Trial Exhibit 10. Under Illinois law, a disposition of SOL does not terminate the criminal proceeding in the accused's favor. *Woodward v. Eubanks*, 94 F.Supp.2d 940 (N.D.Ill. 2000)("Illinois law clearly establishes that disposition by SOL will not support a malicious prosecution claim.") *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 100-01 (2004). *Vincent v. Williams*, 279 Ill.App.3d 1, 4 (1st Dist. 1996). Plaintiff has presented no evidence that the dismissal of charges against him was a termination indicative of innocence.

Second, "the failure to prove a lack of probable cause is fatal to a claim of malicious prosecution. *Johnson v. Target Stores, Inc.*, 791 N.E. 2d 1206, 1219 (Ill. App. 2003). Illinois courts have defined "probable cause" with respect to malicious prosecution involving criminal proceedings as "a state of facts that would lead a person of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested committed the offense charged." *Id*. As already shown above, plaintiff has produced ample evidence to show that probable cause existed to arrest plaintiff.

Third, malice may not be inferred where probable cause exists. *Gray v. Burke*, 466 F.Supp.2d 991 (N.D. Ill. 2006). Plaintiff has produced no other evidence of malice.

Finally, plaintiff has produced no evidence to show that defendants Pina or Egan commenced or continued criminal proceedings against him. In order to have commenced or continued criminal proceedings, a person must have initiated a criminal proceeding or the person's participation was of so active and positive character as to amount to advice and cooperation. *Fabiano v. City of Palos Hills*, 336 Ill.App.3d 635, 647 (1st Dist. 2002); *Denton v.*

*Allstate Ins. Co.*, 152 Ill.App.3d 578, 583 (1st Dist. 1986). Neither defendant Pina nor defendant Egan signed a criminal complaint against plaintiff and there was no evidence that either defendant participated in the criminal proceedings. Thus, judgment as a matter of law should be entered in favor of all defendants on plaintiff's claim for malicious prosecution.

**III.     Plaintiff has Failed to Prove the Section 1983 Failure to Intervene Claim**

Plaintiff has failed to produce any evidence to prove two of the elements of his Section 1983 failure to intervene claim against defendants Pina and Egan. *Cf. Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477-78 (7th Cir. 1997). First, plaintiff has produced no evidence that defendants Pina and Egan knew that defendant Dorsey was using, or about to use, excessive force against plaintiff. Plaintiff claims to have been struck both inside and outside the bar. But plaintiff has produced no evidence to show that either defendant Egan or Pina were inside Shenanigans when defendant Dorsey allegedly struck him inside the bar. As to the outside, the only witness who saw defendants Pina and Egan outside was Jessica Becker when she was facing toward a brick wall, under the window, in front of the lamp post. Although Becker said she saw Pina and Egan outside, she did not see plaintiff get struck outside. Mr. Amezcua, the only witness who saw defendant Dorsey strike plaintiff outside, saw neither Pina nor Egan outside and could not identify them as being present during Dorsey's alleged conduct. Consequently, plaintiff has not shown where Egan and Pina were in relation to plaintiff when defendant Dorsey allegedly struck him outside. Thus, plaintiff has not produced any evidence to show whether they knew that defendant Dorsey was using, or about to use, excessive force against plaintiff.

Second, because plaintiff has failed to produce any evidence that defendants Pina and Egan knew that defendant Dorsey was using, or about to use, excessive force against plaintiff,

5

plaintiff cannot show whether defendants Pina and Egan had a realistic opportunity to do something to prevent plaintiff from harm.

## CONCLUSION

For the foregoing reasons, defendants Dorsey, Pina, Egan and City of Chicago request this Court to enter judgment as a matter of law in their favor on plaintiff's Section 1983 and state law false arrest claims, state law malicious prosecution claim, and Section 1983 failure to intervene claim.

Respectfully submitted,

September 23, 2008

*s/Arlene E. Martin*
Arlene E. Martin
Chief Assistant Corporation Counsel

*s/Thomas J. Platt*
Thomas J. Platt
Chief Assistant Corporation Counsel

*s/Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel

City of Chicago Department of Law
30 N. LaSalle Street, Suite 1400
Chicago, IL 60602
(312) 744-6949/(312) 744-4833/(312) 744-6919