$M H N$

06 C 6533       ROBINSON v. DORSEY       06 C 6533

JUDGE KENDALL

JURY INSTRUCTIONS - GIVEN

# FILED

SEP 2 4 2008
9-24-2008
JUDGE VIRGINIA M. KENDALL.
U.S DISTRICT COURT

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law that applies to this case.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, or by my ruling on the objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. The purpose of these statements and arguments is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impressions of each juror about the testimony.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

6

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

8

You may consider statements given by any party or any witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath, or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

9

It is proper for an attorney to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

The parties agree that the summary of Plaintiff Robinson's medical bills accurately summarizes the contents of documents or records. You should consider this summary just like all of the other evidence in the case.

Certain demonstrative exhibits, such as the model skull and the 3-D graphic skull, have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each claim and each party in this case. Although there are three Defendants, Sydney Dorsey, Richard Pina and Ralph Egan, it does not follow that if one is liable, any of the others is also liable.

16

In this case, one of the Defendants is a municipal corporation. All parties are equal before the law. A municipality is entitled to the same fair consideration that you would give any individual person.

When I say a particular party must prove something by "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

When I use the expression "proximate cause," I mean a cause which, in the natural and ordinary course of events, produced the plaintiff's injuries. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.

19

Plaintiff brings the following six claims against the individual Defendants in this case:

1. Plaintiff Jeffrey Robinson claims Defendants Sydney Dorsey, Richard Pina and Ralph Egan falsely arrested Plaintiff in violation of his constitutional rights;

2. Plaintiff Jeffrey Robinson claims Defendant Sydney Dorsey used excessive force against Plaintiff in violation of his constitutional rights;

3. Plaintiff Jeffrey Robinson claims Defendants Richard Pina and Ralph Egan failed to intervene to prevent the use of excessive force against Plaintiff, in violation of his constitutional rights;

4. Plaintiff Jeffrey Robinson claims Defendants Sydney Dorsey, Richard Pina and Ralph Egan falsely arrested Plaintiff, in violation of Illinois state law;

5. Plaintiff Jeffrey Robinson claims Defendant Sydney Dorsey committed a battery against Plaintiff, in violation of Illinois state law; and

6. Plaintiff Jeffrey Robinson claims Defendants Sydney Dorsey, Richard Pina and Ralph Egan caused Plaintiff to be maliciously prosecuted for criminal proceedings, in violation of Illinois state law.

Defendants deny all of these claims.

In this case, Plaintiff Robinson claims that Defendants Dorsey, Pina and Egan falsely arrested him. To succeed on this claim against a Defendant, Plaintiff must prove by a preponderance of the evidence that that Defendant did not have probable cause to arrest Plaintiff.

If you find that Plaintiff has proved this by a preponderance of the evidence as to one or more of the Defendants, then you should find for Plaintiff and against those Defendants, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove this by a preponderance of the evidence as to all the Defendants, then you should find for Defendants, and you will not consider the question of damages on this claim.

21

The parties have stipulated, or agreed, as to the amount claimed by Plaintiff reflected in the medical summary and the lost wages stipulations. You must now treat these facts, the amount claimed, as having been proved for the purpose of this case.

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person would have believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendants knew and what reasonably trustworthy information the Defendants had received.

It is not necessary that Defendants had probable cause to arrest Plaintiff for a specific criminal offense, so long as Defendants had probable cause to arrest him for some criminal offense.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the Defendant's belief was probably right.

23

A person commits the offense of disorderly conduct when he knowingly performs an act in such an unreasonable manner as to alarm or disturb another and provoke a breach of the peace.

Plaintiff Robinson claims that Defendant Dorsey used excessive force against him. To succeed on this claim, Plaintiff Robinson must prove by a preponderance of the evidence that Defendant Dorsey used unreasonable force against Plaintiff Robinson, and because of Defendant's unreasonable force Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove either of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

You must decide whether Defendant Dorsey's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether Defendant Dorsey's use of force was unreasonable, you must not consider whether Defendant Dorsey's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

A peace officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effect the arrest or to defend himself or another from bodily harm while making the arrest.

Under Illinois law, a person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest is in fact unlawful.

Plaintiff must prove by a preponderance of the evidence that an Individual Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold an Individual Defendant liable for what other employees did or did not do.

However, if you find any Individual Defendant liable as to the state law claims, you must find the City of Chicago liable. Also, you may hold an Individual Defendant liable for what other employees did where the claim against that Individual Defendant is a claim for failure to intervene.

However, to succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. That Defendant Dorsey used excessive force on Plaintiff Robinson;

2. That the Defendant knew that Defendant Dorsey was using, or was about to use, excessive force against Plaintiff Robinson;

3. That the Defendant had a realistic opportunity to do something to prevent harm from occurring;

4. That the Defendant failed to take reasonable steps to prevent harm from occurring;

5. That the Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to one or both of the Defendants, then you should find for Plaintiff and against that Defendant or Defendants, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these propositions by a preponderance of the evidence as to one or both of the Defendants, then you should find for that Defendant or Defendants, and you will not consider the question of damages on this claim.

30

To succeed on his state law claim of false arrest, Plaintiff Robinson has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the Defendant arrested Plaintiff;

2. That the Defendant did not have probable cause to believe that Plaintiff had committed an offense;

3. That Plaintiff experienced damages as a result of the false arrest; and

4. That the Defendant's conduct was willful and wanton.

If you find that Plaintiff has proved each of these propositions by a preponderance of the evidence as to one or more of the Defendants, then you should find for Plaintiff and against those Defendants, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff failed to prove any one of these propositions by a preponderance of the evidence as to all the Defendants, then you should find for the Defendants, and you will not consider the question of damages.

31

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm unjustifiably or which, if not intentional, shows an utter indifference to, or conscious disregard for, the safety of others.

32

If there was probable cause, Defendant Officers Dorsey, Pina and Egan did not need to do more investigation to uncover evidence that Plaintiff was innocent.

To succeed on his state law claim of malicious prosecution, Plaintiff Robinson has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the Defendant commenced or continued a criminal proceeding against Plaintiff without probable cause;

2. That the Defendant acted with malice in commencing or continuing the criminal proceeding;

3. That the criminal proceeding terminated in favor of Plaintiff in a manner indicating Plaintiff was innocent; and

4. Plaintiff suffered damages as the proximate cause of the criminal proceeding.

If you find from your consideration of all the evidence that Plaintiff has proved each of these propositions by a preponderance of the evidence as to one or more of the Defendants, then you should find for Plaintiff and against those Defendants, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff failed to prove any of these propositions by a preponderance of the evidence as to all of the Defendants, then you should find for the Defendants, and you will not consider the question of damages on this claim.

34

Illinois law defines "malice" as the intent, without justification or excuse, to commit a wrongful act.

In order to find malice, you must find that the criminal proceeding commenced against Plaintiff Robinson was commenced or continued by Defendants for the purpose of injuring Plaintiff Robinson or for some purpose other than to prove that Plaintiff Robinson committed a criminal offense.

A police officer commences or continues a criminal proceeding with malice if the officer commences or continues the criminal proceeding with an improper motive, or reason other than to bring the person against whom the criminal proceeding is commenced to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the starting of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved. Malice may not be inferred where probable cause exists.

35

In order to have commenced or continued a criminal proceeding, Defendants Dorsey, Pina, or Egan either must have initiated a criminal proceeding or their participation was of so active and positive character as to amount to advice and cooperation.

In a malicious prosecution claim, probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offense charged.

As to Plaintiff Robinson's state law claims of malicious prosecution, false arrest, and battery, the Defendants are sued as principal and agent. The Defendant City of Chicago is the principal and Defendant officers are its agents. If you find that any Defendants are liable, then you must find that the Defendant City of Chicago is also liable. However, if you find that all Defendants are not liable, then you must find that the City of Chicago is not liable.

38

To succeed on his state law claim of battery, Plaintiff Robinson has the burden of proving each of the following elements by a preponderance of the evidence:

1.  That Defendant Dorsey knowingly or intentionally caused bodily harm to Plaintiff Robinson;

2.  That Defendant Dorsey did not have legal justification for causing bodily harm to Plaintiff;

3.  That as a result of Defendant Dorsey's conduct, Plaintiff Robinson suffered an injury;

4.  That Defendant Dorsey's conduct was the proximate cause of Plaintiff's injury; and

5.  That Defendant Dorsey's conduct was willful and wanton.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and against Defendant, and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages on this claim.

If you find that Plaintiff has proved any of his claims against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

If you decide for the Defendant officers on the question of liability, then you should not consider the question of damages.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of damages, and no others:

1. The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received.

2. The wages that Plaintiff has lost because of his inability to work.

3. The physical and mental/emotional pain and suffering and loss of normal life that Plaintiff has experienced. No evidence of the dollar value of physical, mental/emotional pain and suffering, and loss of normal life that Plaintiff has experienced has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you decide for the Plaintiff on the question of liability, you may not deny or limit the Plaintiff's right to damages resulting from this occurrence because any injury resulted from a pre-existing condition or an aggravation of a pre-existing condition, which rendered Plaintiff Robinson more susceptible to injury.

If you find in favor of Plaintiff but find that the Plaintiff has failed to prove damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

42

Attorney's fees are not a factor for your consideration.

Upon retiring to the jury room, you must select a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Form of verdict read]

These forms will be given to you in the jury room. In considering each of Plaintiff Robinson's claims in reaching a verdict, you should consider each claim and its verdict form separately from each other claim and its verdict form, one at a time. When you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form(s), and all of you will sign it.

44

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

46